**In re Ruth M. NOLL, Debtor.**

**Bankruptcy No. 93–7545–8P1.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 24, 1994.

David W. Steen, Tampa, FL, for debtor.

Michael C. Markham, Clearwater, FL, for Republic Bank.

Sara Kistler, Asst. U.S. Trustee, Tampa, FL.

## ORDER ON CONFIRMATION OF REPUBLIC BANK'S AMENDED PLAN OF REORGANIZATION

ALEXANDER L. PASKAY, Chief Judge.

THIS is a yet-to-be confirmed Chapter 11 case and the matter before this Court is the proposed Plan of Reorganization filed by Republic Bank (Bank) in the above captioned case. It should be helpful to recap briefly the background of the Chapter 11 case to gain a better understanding of the issues under consideration.

This Chapter 11 case was commenced by the voluntary Petition for Relief filed by Ruth M. Noll (Debtor) on July 20, 1993. The primary assets of the Debtor consist of several parcels of improved and unimproved real property valued at more than $700,000.00,

most of them co-owned by the Debtor with her ex-husband. The properties are encumbered by several mortgages, apparently none of them are currently in default. The principal and the only real antagonist is the Bank which was not originally scheduled as a creditor but was later added by the Debtor who scheduled it as an unsecured creditor, which characterization of the debt is violently disputed by the Bank.

It is without dispute that prior to the commencement of this case, the Bank obtained a judgment in the State court and claims to hold a valid execution lien on all real properties owned by the Debtor. The fact of the matter is that, according to the Motion to Dismiss the Chapter 11 case filed by the Bank, two of the parcels were scheduled for execution sale on July 14, 1993, but the sale was not held due to the intervention of the Chapter 11 case. In this connection it should also be noted that the Debtor and her husband, who is not a debtor, filed a counterclaim in the State court against the Bank and sought compensatory and punitive damages on the counterclaim. This counterclaim is still pending and the Debtor's Plan proposed to fund reorganization in large part by the recovery on the counterclaim the Debtor hopes to obtain, and from the recovery of another pending lawsuit filed by the Debtor against the law firm of Kimpton, Burke & White, P.A. (Law Firm). The Motion to Dismiss the Chapter 11 case was denied by this Court on January 26, 1994, as was the Motion to Dismiss the case filed by the U.S. Trustee on May 12, 1994.

On November 30, 1993, the Debtor filed her Disclosure Statement and Plan of Reorganization. Not surprisingly, the Bank filed an objection to both. This Court overruled the Objections to the Disclosure Statement, and scheduled a hearing to consider the confirmation of the Debtor's Plan. On February 4, 1994 the Bank filed its own Disclosure Statement and Plan of Reorganization. The Debtor, not to anyone's surprise, promptly challenged both. The Court having overruled the objection approved the Disclosure Statement filed by the Bank, scheduled a hearing to consider the Bank's Plan of Reorganization for July 8, 1994, the same date the

Debtor's Plan was to be considered by the Court.

In the meantime, several additional objections were filed to the Debtor's Plan, among them, one by the U.S. Government. The Government's objection is primarily based on the ground that the Debtor's Plan fails to provide a full payment of the Government's § 507(a)(7) priority tax claim, and in any event the Plan was not feasible, and thus not confirmable by virtue of § 1129(a)(3) and § 1129(a)(11) respectively.

The Debtor having realized that she cannot obtain confirmation of her Plan filed a Motion now seeks leave to dismiss her Chapter 11 case. Of course the Bank objects to the dismissal and seeks confirmation of its own Plan of Reorganization. The Plan of the Bank is challenged by the Debtor, who contends first, that the Plan of the Bank was not filed in good faith, and second, the Plan is not feasible based on § 1129(a)(3) and § 1129(a)(11), the same grounds urged for denial of the Debtor's Plan by the Bank.

The Bank in its Plan proposes to obtain ownership of the two parcels of real property which were scheduled to be sold at the execution sale in full satisfaction of its claim. The Plan further provides for a complete release of all claims of the Debtor against the Bank, and a compromise of the Kimpton lawsuit, not by the Debtor but by the Bank pursuant to which the Law Firm would pay $6,000.00 to the estate to be distributed pro rata to the unsecured creditors with allowed claims in exchange for a complete release of all claims of the Debtor against the Law Firm. Significantly the Bank's Plan contemplates that the Government's priority tax claim will be paid by the Debtor.

The resolution of the Bank's claim was urged by the Bank to be actually a compromise of the Bank's claim which, of course, is a permissible feature of a plan of reorganization in the abstract pursuant to § 1123(b)(3). The difficulty with this characterization of the treatment of the claims of the Bank and the Law Firm is obvious when properly analyzed. The proposal is nothing more than a settlement of the Bank's claim by the Bank with itself, a proposition which is evidently unacceptable as a true compro-

mise. The old saying "it takes two to tango" is equally applicable to compromises. Moreover, the release provisions in the Bank's Plan totally lack any economic justification, and can hardly be considered a provision proposed in good faith. *In re UVAS Farming Corp.*, 91 B.R. 579 (Bkrtcy.D.N.M.1988).

 The requirement of the Code that the Plan must be proposed in good faith is mandatory and is a condition precedent to confirmation. § 1129(a)(3). The term "good faith" is not easily defined and the requirement is not capable of pragmatic and mechanical application. In the last analysis it is the same as pornography, one cannot define it but will readily recognize it when one sees it. *Jacobellis v. Ohio*, 378 U.S. 184, 84 S.Ct. 1676, 12 L.Ed.2d 793 (1964, Stewart, J.) Even a cursory review of the Bank's Plan leaves no doubt that it was designed for the sole and limited purpose to enable the Bank to achieve its goal, which it could not achieve in the state court, that is to obtain the two parcels of real property and get rid of the annoying counterclaim of the Debtor. The Plan has no meaningful provision for the general body of creditors as it requires the Debtor to keep up the payments on the other mortgages but most importantly also to pay the Government tax priority claim in full. Both these provisions lead to an even greater problem with the Bank's Plan, which is the requirement that the Plan must be feasible. § 1129(a)(11). It is clear that the Debtor cannot be forced to make these payments and, without the payments, this Plan is simply not feasible.

Having concluded that the Bank's Plan failed to meet the requirements of the Code, this Court is satisfied that the Bank's Plan cannot be confirmed. This leaves for consideration the Bank's suggestion that it should be given an opportunity to file an amended Plan to resolve the feasibility problem by providing for the liquidation of the other real property holdings of the Debtor which would furnish sufficient funds to pay all allowed claims in full including the priority tax claim of the Government. While this proposed amendment may take care of the feasibility problem, a proposition not without serious doubt, it certainly would not take care of the problem that the Bank's Plan, even if amended, lacks the good faith requirement of § 1129(a)(3) of the Code.

Based on the foregoing this Court is satisfied that the Bank's Plan cannot be confirmed and its request for leave to file an amended Plan is not well taken and should not be granted.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Plan of Reorganization filed by Republic Bank be and the same is hereby denied. A hearing shall be scheduled before the undersigned in Courtroom C of the United States Bankruptcy Court, 4921 Memorial Highway, Tampa, Florida, on September 28, 1994 at 9:15 a.m. to consider dismissal or conversion of this case.

DONE AND ORDERED.